UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-22303-CIV-GONZALEZ

HOWARD LENDER,

    Plaintiff,

vs.

GEICO GENERAL INSURANCE
COMPANY, a foreign corporation,

    Defendant.
_____/

## ORDER ON PLAINTIFF'S VERIFIED MOTION FOR ATTORNEY'S FEES AND COSTS

**THIS CAUSE** has come before the court upon the Plaintiff's Verified Motion for Attorney's Fees and Costs (DE 270) and Bill of Costs (DE 271). Plaintiff seeks a total of $510,078.50 in attorney's fees and $12,606.43 in costs incurred in the preparation and trial of this case.

### BILL OF COSTS

Plaintiff's Bill of Costs (DE 271) seeks recovery of costs under 28 U.S.C. § 1920. The Bill of Costs is supported by invoices for court reporters, process servers and other vendors. Defendant Geico General Insurance Company has thoroughly reviewed the invoices and receipts that accompany the Bill of Costs and has raised numerous objections.

The court has conducted its own thorough review of the invoices and receipts that accompany the Bill of Costs. It is clear that the objections Geico raises to things such as rush service of process, excessive witness fees, Bates labels, duplicative video and stenographic copies

are well-founded in law. However, Lender has, in fact, for the most part limited his Bill of Costs to only those items that are properly recoverable under 28 U.S.C. § 1920.

The only exception the court has to the items included in the Bill of Costs are the fees for printing and exemplification. Lender has agreed to reduce his requested fees for printing to $210.73 (from the original amount of $866.93). However, only $41.47 is supported by evidence and an explanation of necessity. Accordingly, the court will limit the recovery to fees and disbursements for printing to $41.47.

Lender also seeks to recover $4,904.85 for photocopies he claims were necessarily obtained for use in the case. In his reply memorandum (DE 277), Lender itemizes the total costs and use of the photocopies. Lender has not, however, provided the court with any information about the rate paid for the copies or the number of copies made or what was copied.

Although the costs of photocopies that were necessarily obtained for use in the case are taxable, the prevailing party bears the burden of proving that the copies were necessary. " *Zunde v. International Paper Co.*, 2000 WL 1763843*6 (M.D. Fla. July 20, 2000). The party seeking costs must also provide the court with sufficient information "to determine whether the rates paid for copies were reasonable, whether the copies made were related to the action at issue, and what the copies were for." *George v. Florida Department of Corrections*, 2008 WL 2571348 *2 (S.D. Fla. May 23, 2008), citing *Lee v. American Eagle Airlines, Inc.*, 93 F.Supp.2d 1322, 1335-36 (S.D. Fla. 2000). The court may decline to tax photocopying costs when this burden is not met. *Zunde*, 2000 WL 1763483 *10.

Although Lender has identified what various copies were used *for*, he has not provided any information from which the court can determine what the copies were or whether the expense was reasonable. For this reason, the court will decline to award the requested $4,904.85 for

2

photocopying.

In light of the foregoing discussion, the court finds that a total amount of $6,876.12 is properly awarded as costs under 28 U.S.C. § 1920.

## **ATTORNEY'S FEES**

Lender's Verified Motion for Attorney's Fees (DE 270) seeks an award of $510.078.50. In considering a request for attorney's fees, the court must consider the hours reasonably expended by a reasonable hourly rate. *Norman v. Housing Authority of the City of Montgomery,* 836 F.2d 1292, 1299 (11th Cir. 1988)(*citing Hensley v. Eckerhart*, 461 U.S. 424 (1983)). Geico objects to both the hourly rates requested by Lender's counsel and many of the time entries (DE 274-3). Both the hourly rate and the hours reasonably expended are addressed below.

*Hourly Rates*

A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation. *Norman,* 836 F.2d at 1299. Evidence of rates may be adduced through direct evidence of charges by lawyers under similar circumstances or by opinion evidence. *Id.* The court may also consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of testimony of witnesses as to value. *Id.* at 1303.

The parties have cited numerous cases discussing the reasonable hourly rate for lawyers in the Miami area, including decisions involving Plaintiff's lead counsel, Stephen Marino. Geico has submitted affidavits of its own lawyers, which testify to rates that are substantially lower than what is sought by the Plaintiff's lawyers.

Lender seeks to recover fees based on the following rates:

3

| | |
|---|---|
| Stephen A. Marino, Esq. | $575 per hour |
| Danya J. Pincavage, Esq. | $350 per hour |
| Christina M. Lopez, Esq. | $190 per hour |
| Linda Mulhall (paralegal) | $210 per hour |
| Ronni Lowe (paralegal) | $110 per hour |

Lender claims that these hourly rates are reasonable for the level of experience and skill of his counsel. The court respectfully disagrees. Not one of the cases cited by Lender awarded $575 per hour for Mr. Marino's work. In 2011, a court in the Northern District of Florida determined that $475 per hour was a reasonable rate for Mr. Marino's work as an attorney with 14 years of experience. *B-K Cypress Log Homes, Inc. v. Auto-Owners Ins. Co.*, 2011WL6151507 (M.D. Fla. Nov. 1, 2011). In 2012, a court in Tampa awarded fees based on an hourly rate of $425 for Mr. Marino and $200 per hour for Ms. Pincavage. *Rynd v. Nationwide Mut. Inc. Co.*, 2012WL939247 (M.D. Fla March 20, 2012). Although the Rynd court noted a $25 upward adjustment of Mr. Marino's hourly rate because the lawyers worked "with a relatively low expenditure of time," that is not true in this case. Lender's counsel seeks reimbursement for over *fifteen hundred* hours!

The court also notes that this litigation commenced in the year 2009. Most of the work on the case happened in the years before the 2014 trial date. Accordingly, Lender's assertion that the rates sought are reasonable for attorneys with Ms. Pincavage's eight and one-half years of experience and Mr. Marino's eighteen years of experience falls a little short of convincing. Ms. Pincavage was a third year attorney when this case began and Mr. Marino had thirteen years of experience. The 19.5 hours charged by Mr. Marino and Ms. Pincavage for preparing the five-page bad faith complaint does not support their claimed levels of efficiency.

The court, however, agrees with Lender that the rates charged by insurance defense counsel are not necessarily comparable to rates charged by other private attorneys who work on a

4

contingency basis. *See Smith v. School Bd. Of Palm Beach County*, 981 So.2d 6, 9 (Fla. 4th DCA 2007), *citing Norman*, 836 F.2d at 1302 (hourly rate of government attorney not comparable to that of private civil rights plaintiff's lawyer). Nevertheless, those rates are evidence that the court must consider. Based on a thorough review of the record, supporting case law and the court's own expertise, the court cannot agree that the rates requested by Lender's counsel are reasonable. Accordingly, the court will reduce the requested hourly rates as follows:

| | |
|---|---|
| Stephen A. Marino, Esq. | $400 per hour |
| Danya J. Pincavage, Esq. | $225 per hour |
| Christina M. Lopez, Esq. | $190 per hour |
| Linda Mulhall (paralegal) | $125 per hour[1] |
| Ronni Lowe (paralegal) | $110 per hour |

*Hours Reasonably Expended*

Lender's attorneys seek to be reimbursed for a total of 1078.8 of attorney time and 480.8 of paralegal time. Geico objects to a bulk of the time entries and has submitted an 88-page itemized list of the objected to entries. (DE 274-3). The court will not address each of the objections individually, but will address categories of objections.

Time Spent on the Underlying Tort Case

Lender seeks attorney's fees for time his bad faith counsel spent working on the tort case[2] that gave rise to this bad faith action. Geico objects to every hour billed in that case. The court agrees with Geico that work performed by Marino and Pincavage in the underlying case is not recoverable in this case; however, some amount of time spent in the underlying case can reasonably be said to be related to the potential bad faith case for which Marino had been retained.

---

[1] The court finds the $210 per hour sought for paralegal work to be outside the bounds of reasonable. *See Golf Clubs Away, LLC v. Hostway Corp.*, 2012 WL 2912709 (S.D. Fla. July 16, 2012)(reasonable paralegal rate in South Florida is $125 per hour).

[2] *Howard Lender v. Haydee Manzanero, Daniela Manzanero and Geico General Ins. Co.*, Case No. 08-10499 (20), in the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida.

5

For the time period November 1, 2005 to May 6, 2009, the court will disallow all time entries except the two hours charged by Stephen Marino for attending mediation and the .5 hours charged by Stephen Marino in drafting the final judgment. The court could not determine from the records submitted that any additional time during that time period was reasonably spent in preparation for this case. Accordingly the following hours will be deducted: <u>22.6</u> SAM, <u>25.4</u> ZCML and <u>1.3</u> LMM.

<u>Block Billing</u>

Geico objects that certain time entries are not allowable because they are in the form of "block billing" and it is impossible to discern the amount of time spent on each matter. The court has reviewed each of the "block billing" objections and finds that the time entries were not block billing. "The mere fact that an attorney includes more than one task in a single billing entry is not, in itself, evidence of block billing." *Franklin v. Hartford Life Ins. Co.*, 2010 WL 916682, *3 (M.D. Fla. Mar. 10, 2010); *Dream Custom Homes, Inc. v. Modern Day Const., Inc.*, 2013 WL 39316, *4 (S.D. Fla. Jan. 8, 2013)("Including more than one task in a single entry does not, in itself, constitute inappropriate block billing, especially where a thorough description of the activities performed clarifies rather than obscures the record.") The time entries that Geico designates as "block billing" are reasonable and descriptive. Accordingly, Geico's objections to "block billing" are overruled.

<u>Vague, Excessive and Unreasonable</u>

Geico objects to numerous time entries on the ground that they are vague and unreasonable, excessive and do not show with any particularity the subject matter. The court agrees with some of these objections, but not others. For example, redacted time entries such as that on 8/8/10 for "Research re: ___ 1.5 hours" (DE 274-3) are vague and impossible to

6

evaluate. In contrast, other time entries for research such as on 12/09/09 for "Additional Research re: ___ additional research for use in motion to compel 3.8 hours" (DE 274-3) describes with particularity what the research was used for while still avoiding disclosing work product information. To the extent that billing entries for research do not describe at least the purpose of the research, they will be disallowed. By the court's analysis, this totals 66.3 hours for DJP, 4.5 hours for SAM and 3.8 hours for LLM that will be disallowed.

Additional items to which Geico objects are office conferences between Marino or Pincavage and the paralegals. The billing statements contain numerous entries such as "07/20/10 DJP Office Conference with SAM re: ____ .10" (DE 274-3). The purpose of the office conference is not described. Many of the office conferences are .10 time entries of discussions between one of the lawyers and a paralegal. While these brief conferences most likely involved delegating work between members of the team, there is no evidence that these conferences advanced resolution of the claim. There is a difference between *assigning* the work and *doing* the work. Doing the work is compensable; assigning it is not. Accordingly, the court sustains the objections to those time entries pertaining to office conferences. By the court's analysis this totals .3 hours for SAM, 6.7 hours for DJP, .5 hours for LMM and .4 hours for RAL that will be deducted.

Clerical Work

Geico objects to certain time entries by Marino and Pincavage as clerical work that should not be billed at an attorney's rate. The court does not agree. These time entries, although they relate to drafting letters, discussing depositions and drafting subpoenas, are within the scope of what lawyers do. Therefore, Geico's objections to clerical work being performed by attorneys are overruled.

Based on the foregoing, the following chart sets for the reasonable number of hours and the reasonable hourly rate for each attorney and paralegal in the prosecution of this bad faith litigation:

| Name | Reasonable Hourly Rate | Reasonable number of hours | Total Fees |
| --- | --- | --- | --- |
| Stephen A. Marino | $400 | 210.6 | $84,240.00 |
| Danya J. Pincavage | $225 | 772.4 | $173,790.00 |
| Christina M. Lopez | $190 | 0 | $0 |
| Linda Mulhall | $125 | 281.3 | $35,162.50 |
| Ronni Lowe | $110 | 193.5 | $21,285.00 |
| TOTAL | | 1,457 | $314,477.50 |

Accordingly, it is hereby

**ORDERED AND ADJUDGED** that the Plaintiff's Motion for Bill of Costs and Attorney's Fees (DE 271) be and the same is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff's costs in the amount of $6,876.12 and Plaintiff's attorney's fees in the amount of $314,477.50 shall be taxed to the Defendant, Geico General Insurance Company. Counsel for Plaintiff shall submit a final judgment of costs and fees within ten (10) days of the date of this Order.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 29TH day of October, 2014.

JOSE A. GONZALEZ, JR.
UNITED STATES DISTRICT JUDGE